## Charles E. Churchill, et al., v. Thompson Electric Company.

### Gen. No. 11,823.

1. COPARTNERSHIP—*when not established.* Particular evidence held not to establish a partnership nor to justify persons dealing with the concern in question in relying upon a partnership relation.

2. PARTNERSHIP LIABILITY—*when instruction with respect to, improperly given.* An instruction upon this subject is improperly given where there is no evidence in the case legally tending to establish a partnership liability.

3. CORPORATE OFFICERS—*what essential to establish personal liability of, under section 18 of the General Incorporation Act.* In order to fasten such a liability it is essential to show some affirmative, voluntary act on the part of the one sought to be charged, or some active participation in the particular transaction out of which the indebtedness arose.

4. REMARKS OF COURT—*when exception to, sufficient.* Where the remarks of the court complained of, as shown in the bill of exceptions, are followed by the following, "To which ruling of the court the defendants, by their counsel, then and there duly excepted," a sufficient exception is deemed to have been taken.

Action of assumpsit. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1904. Reversed and remanded. Opinion filed March 27, 1905.

RAYMOND, TILLSON & WAITE, for plaintiffs in error.

HOYNE, O'CONNOR & HOYNE, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

Churchill v. Thompson Electric Co.

This is a writ of error sued out from this court to the Superior Court of Cook county to reverse a judgment entered by that court on the verdict of a jury for $171.60. The cause was brought to the Superior Court by appeal by the defendants (the plaintiffs in error here) from a justice of the peace. By the justice judgment had been entered for the plaintiff (the defendant in error here) for the same amount.

The plaintiffs in error have assigned error in the admission and exclusion of evidence, in the giving and refusing of instructions, and in the use of injurious language by the trial judge in the presence of the jury.

The question at issue in this cause was the liability of the plaintiffs in error, Charles E. Churchill and Rome V. Wagner, for certain electrical attachment goods, which it is practically agreed were actually ordered and obtained by one W. F. Hatch, who was sued before the justice jointly with the plaintiffs in error, but who was not found by the officer.

The cause in the Superior Court was of course tried without written pleadings, but there was an affidavit of Charles E. Churchill filed, denying that Rome V. Wagner, Charles E. Churchill and William F. Hatch were or ever had been partners, and asserting that they were not jointly liable upon the cause of action sued on in this suit.

Plaintiffs in error assert that the action was brought by the defendant in error and was tried solely on the theory that plaintiffs in error were liable under the following section (18) of the Corporation Act, (Chapter 32 of the Revised Statutes):

"If any person or persons pretending to be an officer or agent or board of directors of any stock corporation or pretended stock corporation, shall assume to exercise corporate powers or use the name of any such corporation, or pretended corporation, without complying with the provisions of this act or before all stock named in the articles of incorporation shall be subscribed in good faith, then they shall be jointly and severally liable for all debts and liabilities made

by them and contracted in the name of such corporation or pretended corporation."

The defendant in error, on the other hand, insists that this is not an accurate statement of the situation. Its counsel say that as there were no written pleadings, the evidence must be looked to to determine the issues involved, and that the evidence raised two questions: First, were plaintiffs in error liable under the statute referred to? Secondly, were they liable because of their so holding themselves out to the public as to estop them from denying partnership relations? In other words, defendant in error claims that it can hold the plaintiffs in error liable as partners under the common law, or, failing in that, as liable under the statute, for an improper assumption of corporate powers and name. We are unable to see in the record any evidence sufficient to hold the plaintiffs in error as partners of Hatch or of each other. It is not contended that there was any actual partnership. But it is urged that the use of a letter head by Hatch in this form:

"R. V. Wagner, President.    W. F. Hatch, V.-P. & Mgr.
C. E. Churchill, Secy. & Treas.
WAGNER-HATCH MOTOR CO.
308 Dearborn St., Chicago.
Dynamos & Motors, Telephone Harrison 3270."

taken in connection with the occupation of the same office by Wagner, Churchill and Hatch, and with the facts that the name "The Wagner-Hatch Motor Company" appeared, with the knowledge of plaintiffs in error, on the entrance door of the office and on motors stored in a warehouse used by all the parties, and that Mr. Churchill guaranteed in writing "certain specific contracts for certain specific goods" for Mr. Hatch, made the three men partners as to creditors —or at least estopped them from denying to creditors such a partnership—practically the same thing. With this we cannot agree. The letter head implied not a copartnership, but an incorporated company, and the other matters fall far

Churchill v. Thompson Electric Co.

short of raising any presumption of the existence of partnership relations.

Objection was made to the admission of certain testimony of Mr. Samuel Thompson concerning conversations between himself and Mr. Hatch, and it is argued for plaintiffs in error that the admission of it was error because no foundation had been laid for the declarations and acts of Hatch by establishing any *prima facie* case of the joint or partnership liability with him of the plaintiffs in error. The admission of the testimony called out on direct examination may have been error, but it could not have harmed the plaintiffs in error. We do not understand that any question is made here as to the amount of the bill sued. The issue is the liability of the plaintiffs in error for it. On that point the evidence of Mr. Hatch's conversations in the direct testimony of Mr. Thompson throws no light. Mr. Thompson swears to no admissions or assertions to support the theory of such a liability. In the cross-examination of Mr. Thompson an admission of Hatch is sworn to, but that can hardly be complained of by the plaintiffs in error. It is of no probative force, however. We are forced to agree with the learned trial judge who at the conclusion of the plaintiffs' case below, said, according to the record: "There is not any proof tending to show that there was a partnership." And again, "The only theory upon which these parties can be held liable is that they knowingly allowed their names to be used as officers of this corporation when there was no such corporation." In other words, the plaintiffs in error are liable under the provisions of section 18 of chapter 32 of the Revised Statutes, or not at all. This being our opinion, it follows that we think that the second instruction given at the request of the plaintiff below was inapplicable and misleading, and should not have been given. It was as follows:

"The court instructs the jury that if they believe from the evidence, that R. V. Wagner, C. E. Churchill and W. F. Hatch held themselves out as partners trading under the firm name of Wagner-Hatch Motor Company, then in such case said parties are liable for all debts contracted by either

or any of said parties under the name of Wagner-Hatch Motor Company."

Mr. Thompson, as before recited, had implied on cross-examination that "Mr. Hatch had said so," when asked if he knew the defendants and Hatch to be partners, and although in the absence of other evidence tending to establish a partnership, the probative force of this statement was nothing, it might well have been that the jury thought that this instruction was given with relation to that testimony and justified them in taking that testimony as sufficient to hold defendants liable.

As to the liability under section 18, before quoted, this court has more than once held that some affirmative voluntary act on the part of one sought to be charged, or some active participation in the particular transaction out of which the indebtedness arose, is necessary to hold him. Edwards v. Cleveland Dryer Co., 83 Ill. App., 643; Edwards v. Dettenmaier, 88 Ill. App., 366. We think that this holding, to which we adhere, involves a decision in the case at bar, that the first instruction given to the jury was erroneous, and that the fourth instruction offered by the defendants should have been given.

The first instruction offered for the plaintiff and given was this:

"The court instructs the jury that if they believe from the evidence that R. V. Wagner, C. E. Churchill and W. F. Hatch represented or held themselves out as officers of a corporation named Wagner-Hatch Motor Company, and the jury further believe from the evidence that there was no such corporation as the Wagner-Hatch Motor Company, then in such case all of the parties who represented themselves to be officers of such corporation or allowed their names to be so used as to lead parties dealing with said concern to believe that said concern was a corporation, then in such case such parties so making representations or so allowing their names to be used as to lead parties to believe said concern was incorporated, would be liable for all contracts made in the name of said Wagner-Hatch Motor Company."

The fourth instruction offered by the defendants and re-
fused was this:

"The jury are instructed that if you believe from the evi-
dence that the defendants, Charles E. Churchill and Rome
V. Wagner did not take part in creating the indebtedness
sued on in this cause, then the jury are instructed to find the
issues for the defendants, Charles E. Churchill and Rome V.
Wagner."

By giving the one and refusing the other, we think the
court committed error. "To *allow* one's name to be
used improperly," may, if the word "allow" is used
with precision, mean nothing more than "to know-
ingly allow one's name to be used improperly;"
but a jury might be easily misled to suppose that not
preventing such use, whether it were known or not, might
make a man liable under the statute if by vigilance the use
might have been known to him. This is not the law. The
instruction refused was the one it was held error to refuse in
Edwards v. Dettenmaier, *supra,* and as we have said, we do
not think that in this case, more than in that, there is any
question to litigate other than the one which arises under
section 18 of Chapter 32 of the Revised Statutes. The judg-
ment must be reversed and the cause remanded for these
errors indicated.

Plaintiffs in error also complain of the language of the
court at the conclusion of the plaintiffs' case below. This
language amounted to a statement that plaintiffs had proven
that Wagner and Churchill had "allowed" their names to be
used upon letter-heads as officers of the Wagner-Hatch Motor
Company. This was a matter at issue, and defendants were
vigorously insisting there had been no evidence tending to
prove it. We are, perhaps, not justified in assuming that this
language was in the hearing of the jury, in the absence of a
statement to that effect in the bill of exceptions. If it was in
the hearing of the jury, however, (as it is asserted without
denial that it was), it would, in our opinion, furnish an ad-
ditional and sufficient reason for our decision. It must have
been highly prejudicial to the defendants to have had such

remarks made by the court in the hearing of the jury, if they were so made, and we think that the statement of the bill of exceptions following the language complained of, namely: "To which ruling of the court the defendants by their counsel then and there duly excepted," shows sufficiently that an exception was preserved to it.

The bill of exceptions first shows the motion to take the case from the jury and the action of the court over-ruling said motion, and an exception duly preserved thereto. Then, without any further or other motion, follows the language complained of, ending with the words, "Go on and put in your proof. Motion denied." We think the "ruling" which the bill of exceptions then shows the defendants excepted to, properly includes all the continued utterance or opinion which ends with the words "motion denied." The exception to the mere denial of the motion had been previously taken and noted. But even if this last alleged error be disregarded, our decision must be the same.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*